IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA POSEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4281 |
| JOSEPH SEARCY and | : | |
| J.B. HUNT TRANSPORT | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR DIRECTED SERVICE UNDER PENNSYLVANIA RULE 430**

**Baylson, J.**                                                                          **December 24th, 2008**

**I.     Background**

     **A.     Facts and Procedural History**

Plaintiff filed her Complaint in this Court on October 15, 2007 alleging injuries that arose out of a motor vehicle accident on May 9, 2006 on I-95 in Philadelphia. (Doc. No. 1.) Plaintiff named as Defendants Joseph Searcy ("Searcy"), alleged to have been the driver of the truck that caused Plaintiff's injuries, and J.B. Hunt Transport Inc. ("Hunt"), Searcy's employer and owner of the vehicle at the time of the accident. Searcy and Hunt have since terminated their relationship.

There is no dispute concerning diversity jurisdiction. The case has been proceeding on the merits as to Hunt. Plaintiff claims she served Searcy, but he has not responded, and Hunt has challenged the service of process on Searcy. Hunt argues that it would be prejudiced if it has to

-1-

stand trial with Searcy as a served but non-appearing party. However, Hunt does not detail the extent or form of the prejudice it expects would result.

On April 24, 2008, Plaintiff filed an Affidavit of Service as to Searcy, which stated that Plaintiff first attempted service by certified mail on January 17, 2008 and then sent Searcy a copy of the Summons and Complaint on February 26, 2008 by regular mail after the receipt for the certified mail was returned with the mark "unclaimed." (Doc. No. 14.) Hunt filed a Motion to Strike Plaintiff's Affidavit of Service, (Doc. No. 15), on May 14, 2008, asserting that Plaintiff's attempts to serve Searcy were inadequate under the Pennsylvania Rules of Civil Procedure. Nearly sixty days after Hunt's Motion, on July 25, 2008, Plaintiff filed a responsive memorandum, (Doc. No. 18), in which she alleged that she had made a good faith effort to serve Searcy and requested the Court to direct service under Pennsylvania Rule 430. Hunt replied on August 11, 2008. (Doc. No. 22.)

Since the filing of these documents, the Court encouraged the parties to reach an agreement regarding the service of Mr. Searcy, but the parties have been unable to agree to a stipulation. The Court then requested additional briefing from the parties. (See Doc. No. 37.) Along with her additional brief, Plaintiff also filed on December 8, 2008 a formal Motion for a Special Order Directing Service by Publication under Pennsylvania Rule 430. (Doc. No. 39.) Plaintiff has explained that she did not file such a motion earlier because the parties were engaged in negotiations to stipulate as to the service of Searcy and the relationship between Searcy and Hunt, and the parties were also engaged in settlement negotiations. Defendant has responded to that motion and asserts Plaintiff has not met the requirements for directed service by publication under Rule 430. (Docs. Nos. 40, 41.)

**B.      Plaintiff's Attempts at Service of Process on Defendant Searcy**

In the initial response to Defendant's Motion and then in the brief replying to the Court's request, Plaintiff outlined her efforts to serve process on Searcy. On October 16, 2007 Plaintiff first sent the process by certified mail to Searcy's last known address, as provided by his employer, Hunt, and listed on the Pennsylvania accident report. The record is ambiguous as to any response Plaintiff received regarding this first attempt at service. However, Plaintiff apparently was not satisfied, as she inquired into Searcy's whereabouts from the United States Postal Service, pursuant to the Freedom of Information Act, on November 13, 2007. On December 6, 2007, the Postal authorities responded that they had no change of address on file. (See Doc. No. 18, Exs. C and D.)

Next, on January 4, 2008, Plaintiff hired Edward Koerper, Jr., an accident investigator, to research the whereabouts of Searcy. According to Investigator Koerper, he used a number of identifiers, including Searcy's date of birth and social security number, to identify several possible addresses for Searcy. (See Doc. No. 18, Ex. E.) Investigator Koerper provided a "best address" as well as two additional business addresses for Searcy. (Id.) On January 17, 2008, Plaintiff attempted service by certified mail, return receipt requested, at the "best address" (Doc. No. 18, Ex. F), but that receipt was returned as "unclaimed." Plaintiff then sent service to the same address via regular mail on February 26, 2008 and that mail was not returned. (See Pl.'s Affidavit.) On May 22, 2008, Plaintiff also attempted service via certified mail return receipt requested at the two business addresses (Doc. No. 18, Exs. G and H); it appears that one of those was returned as "unclaimed" and the other was returned as "addressee unknown." (Doc. No. 22, Ex. A.)

## II. Parties' Arguments

In its Motion to Strike and reply brief, Hunt asserts that Plaintiff has not followed the correct procedure in serving Searcy under the applicable state rules of civil procedure, namely Pennsylvania Rules of Civil Procedure 403, 404, and 430. Specifically, Hunt argues that under Rule 403, Plaintiff erred in serving Searcy by regular mail after the result of service by certified mail was the return to Plaintiff of the receipt marked "unclaimed."

Plaintiff responds that she acted in good faith in trying to locate and serve Defendant Searcy. In the recent Motion for directed service under Rule 430, Plaintiff suggests that her exhaustive efforts entitle her to special consideration and warrant the Court authorizing service by other means. Hunt responds that Plaintiff's efforts did not amount to good faith under Rule 430 and service by publication will not be effective. Thus, the Court should deny Plaintiff's Motion.

## III. Analysis

### A. Service under Rules 403 and 404

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a plaintiff may serve the defendant by following the state law for service in the state where the federal district court is located. In the present case, Plaintiff attempted service by mail, as allowed by the Pennsylvania Rules of Civil Procedure. Under Pennsylvania Rule 403, service by mail is permissible when another Pennsylvania rule of civil procedure authorizes such service. Rule 403 then sets forth several requirements for adequate service by mail. First, the form of mail used must require a receipt signed by the defendant or his authorized agent. If the mail is returned because the defendant refused to accept it, the plaintiff can then serve the defendant by regular mail at the

same address. Service by ordinary mail in this situation is complete if the mail is not returned within fifteen days after the mailing. However, if the certified mail is returned with a notation that it was "unclaimed," the plaintiff must make service by some other means under the Rules.

Pennsylvania Rule 404(2) allows for service outside the Commonwealth to be achieved by mail, in the manner provided by Rule 403. Thus Plaintiff here was entitled to attempt service on Searcy by certified mail but was required to obtain a receipt if she chose that method of service. Plaintiff attempted service by certified mail on several occasions, first at the address last known to Searcy's employer, which was also the address for Searcy as reported on the accident form, and then at the "best address" and both "corporate addresses" uncovered by Plaintiff's investigator. There is no information in the parties' memoranda as to whether the receipt requested for the mailing to the last known address was returned to Plaintiff, and if so, how the receipt was marked. However, the receipts for the "best address" mail and one of the corporate addresses was returned to Plaintiff "unclaimed." The receipt for the other mail sent to a corporate address was returned with the notation "addressee unknown."

Under the Pennsylvania Rules, when the receipt for certified mail to the "best address" was returned "unclaimed," Plaintiff should have then sought service by other means. The record does not indicate that Plaintiff has made any attempt to do so. Rather, Plaintiff merely sent service by regular mail to the "best address" location, which is only permitted when certified mail is returned because the recipient refused to accept it. Thus Plaintiff did not satisfy the requirements of service of process under Pennsylvania Rules 403 and 404. As Defendant's Motion to Strike is predicated on the above set of facts, the Court concludes it must grant Defendant's motion under the Pennsylvania Rules.

B.    **Rule 430 Motion**

Despite problems with service under Rules 403 and 404, a Plaintiff may move the Court under Rule 430 to direct service of process by alternative means, such as publication in a local newspaper, when service is not obtainable under the applicable Rule. Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004). To grant a motion under Rule 430, the Court must find: (1) the plaintiff made a good faith effort to locate the defendant; (2) the plaintiff made practical efforts to serve the defendant under the circumstances; and (3) the proposed alternative method is reasonably calculated to provide the defendant with notice. Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006). The notes to Rule 430 indicate that good faith may be illustrated in several ways, including inquiries to postal authorities, inquires to relatives, neighbors, friends and employers of the defendant, and examination of local telephone directories, voter registration records, tax records, and motor vehicle records. The court in Calabro specifically noted that it is not necessary for the plaintiff to pursue every method indicated in the note to Rule 430 to satisfy the good faith requirement. Id.

On December 8, 2008, Plaintiff moved the Court to allow for alternative service under Rule 430. Plaintiff suggests that she did in fact make a good faith effort, as she attempted service at numerous addresses related to Defendant. Plaintiff also emphasizes that she inquired of the postal authorities, pursuant to the Freedom of Information Act, to determine if they knew of any change of address. Plaintiff retained an investigator to track the Defendant and this produced an additional three possible addresses. The record does not show what specific methods the investigator used to locate Defendant, such as whether he questioned family and friends or examined any other public records, besides a search using Defendant's date of birth and social

security number. Finally, Plaintiff requested service under Rule 430 but failed to file a specific Motion. As Plaintiff points out, Judge Robreno found in Calabro that the plaintiff's effort to locate the defendant were sufficient, even thought the plaintiff only searched internet address records and obtained a Freedom of Information Act Statement from the U.S. Post Office. Plaintiff here certainly has made a greater effort to locate Defendant Searcy than the plaintiff in Calabro.

Plaintiff also made sufficient practical efforts to serve the Defendant by certified mail and regular mail at numerous addresses. Finally, the requested alternative service–notification of the lawsuit against Searcy in publications in each of the counties for which Plaintiff possesses a possible address–is reasonably calculated to provide Searcy with notice. Hunt argues that this form of alternative service will not necessarily be effective because there is no indication that Searcy actually resides or is otherwise connected to any of the addresses, given the status of the returned certified mail receipts. Still, this Court believes there is sufficient information suggesting that Searcy may be reached at those addresses and is willing to grant Plaintiff's request to attempt service through publication in those locations. Thus, under the test set forth in Calabro, this Court finds that granting a Rule 430 motion is appropriate in the instant case.

The Court observes that the statute of limitations period has expired in the instant case.[1] Usually, service pursuant to any Rule, including Rule 430, must be accomplished within the statute of limitations, unless the Plaintiff can demonstrate that equitable tolling applies.

---

[1] In Pennsylvania, an action to recover damages for injury that is founded on negligent tortious conduct is subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524. In a personal injury suit, the action accrues when the injury is inflicted. Peavy, 2006 WL 117857, at *2. The accident at issue here occurred on May 9, 2006 and thus the statute of limitations period ran on May 9, 2008.

Washington v. Peavy, 2006 WL 117857, at *2-3 (E.D. Pa. April 25, 2006); Devine v. Hutt, 863 A.2d 1160, 1168 (Pa. Super. 2004).  The statute of limitations can be tolled to allow for service of process after the limitations period has expired if the plaintiff can demonstrate it made a good faith effort to serve the defendant within the limitations period.  Devine, 863 A.2d at 1168.  The Supreme Court of Pennsylvania has recently indicated that a lack of good faith is demonstrated only "where the plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced the defendant."  McCreesh v. City of Philadlephia, 888 A.2d 664, 675 (Pa. 2005).

The McCreesh court rejected a line of earlier decisions requiring strict compliance with the Rules of Civil Procedure to demonstrate good faith.  Id. at 674.  In McCreesh, actual notice was eventually accomplished outside of the limitations period, but in a footnote, the court suggested that there may be cases where actual notice is not necessary as long as prejudice will not result.  Id. at 674.  But see Reunion Industries, Inc. v. Doe 1, 2008 WL 2763830, at *3 n.6 (W.D. Pa. July 11, 2008) (noting that the lower courts in Pennsylvania have not expounded on McCreesh's suggestion that actual notice is not necessary to find good faith and declining to "speculate on their behalf").

In Peavy, the defendant challenged service outside of the statute of limitations period.  Peavy, 2006 WL 117857, at *2.  Judge Surrick held that where the plaintiff made three attempts to serve the defendant at various addresses and then sought help from the Court through a Rule 430 motion, the plaintiff had acted in good faith.  Id. at *4.  Judge Surrick also explained that no prejudice to the defendant would result if the late service was permitted because the defendant's counsel was also acting as counsel for Peavy's employer, J.B. Hunt (the same corporate

defendant as in the present case), in the initial state action regarding the same motor vehicle accident at issue in the current litigation. As a result, counsel was familiar with the facts giving rise to the suit and the defendant would not be prejudiced. Id.

Plaintiff has demonstrated that she made a good faith effort to serve Searcy within the applicable time period, although plaintiff has not been as careful and prompt as possible. However Plaintiff does not need to demonstrate strict compliance with the Rules to show good faith, and Plaintiff's failure to follow Rule 403 precisely is not necessarily a bar to a finding of good faith.

Furthermore, as in Peavy, the Court does not find that substantial prejudice would result merely from allowing Plaintiff to procure service by publication at this time. Although, unlike in Peavy, counsel for Hunt has not entered an appearance on behalf of Searcy, who has not yet been properly served, the employment relationship between the two Defendants during the time of the accident–the same as in Peavy–would presumably enable Searcy to quickly familiarize himself with the suit and avoid any prejudice to either Defendant, assuming that Searcy receives the notice by publication and then either appears or otherwise decides to cooperate with Hunt. While Hunt challenges that it would be prejudiced by the delay and late service, it does so in a conclusory fashion without providing any basis for that assertion. Still, the Court makes no finding on the statute of limitations at this time.

Even assuming some prejudice may result, the Court has decided to allow the alternative service and then deal with the consequences prior to or at the trial. Thus, in light of Plaintiff's efforts, the Court will grant the motion for directed service. Assuming that Plaintiff then follows the proper publication requirements but Searcy still does not appear, the Court would likely grant

a default if requested by Plaintiff.  Although the Court is granting the motion, that does not necessarily mean that it will not take steps to prevent possible prejudice to Hunt from the unusual procedural history of this case.  Therefore, counsel for Hunt should determine what appropriate protective orders or other steps should be taken at the trial and bring them to the attention of the Court in the form of appropriate motions in limine or at a final pretrial conference.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA POSEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4281 |
| JOSEPH SEARCY and | : | |
| J.B. HUNT TRANSPORT | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

AND NOW, this 24th day of December, 2008, it is hereby ORDERED that Defendant's Motion to Strike the Affidavit of Service (Doc. No. 15) is GRANTED.  Similarly, the Court ORDERS that Plaintiff's Motion for Direct Service by Publication (Doc. No. 39) is also GRANTED.

BY THE COURT:

/s Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\Lauren\Posey v Searcy\order.wpd